UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BLANCA GOMEZ and JOAN WAGNER-BARNETT, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 1:08-cv-0153-DFH-DML |
| | ) | |
| v. | ) | |
| | ) | |
| ST. VINCENT HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

*Introduction*

This case presents a controversial issue regarding the tolling of statutes of
limitations while putative and ultimately unsuccessful class actions are pending.
It is well established that a statute of limitations is tolled for an individual claim.
Several circuits have held that a statute is not tolled for purposes of a second
effort to pursue a class action.  As explained below, this court applies the views
of the Third Circuit in *McKowan Lowe & Co. v. Jasmine, Ltd.*, 295 F.3d 380 (3d Cir.
2002), and *Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004), and holds that the named
plaintiffs in this case are not barred by a statute of limitations from making this
second attempt to certify an appropriate plaintiff class.   The original class
certification was denied because the named representatives' claims were not

typical of other class members and class counsel had not been effective in representing the proposed class.

Plaintiffs Blanca Gomez and Joan Wagner-Barnett sued St. Vincent Health on behalf of themselves and a class of similarly situated former employees of St. Vincent who did not receive notice of COBRA benefits in a timely manner.  The notice was required to be provided under the Employee Retirement and Income Security Act (ERISA), and the claim is actionable under 29 U.S.C. § 1132.  St. Vincent has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the class allegations as time-barred.

In 2006, two different named plaintiffs sought certification of effectively the same class.  Certification was denied by Judge Barker of this court.  *Brown-Pfifer v. St. Vincent Health, Inc.*, 2007 WL 2757264 (S.D. Ind. Sept. 20, 2007). After concluding that the named representatives did not have typical claims and that the counsel had not been diligent in representing the putative class, Judge Barker denied class certification:  "We shall not reduce or eliminate the rights of putative, prospective class members by certifying this highly flawed and weakened litigation as a class action."  *Id.* at *8.  But for the filing of that case, the statute of limitations would have run for the vast majority of potential class members in this case.

St. Vincent acknowledges that the earlier action tolled the statute of limitations for the named plaintiffs' individual claims.   St. Vincent argues, however, that the statute of limitations bars plaintiffs from pursuing further litigation *as a class action*.  As a practical matter, the individual plaintiffs' modest claims are not viable without a class action.   If, as St. Vincent argues, the combination of the passage of time and the prior unsuccessful effort to certify a class bars any future effort to pursue a class action, the result would be that Judge Barker's decision to *protect* the class would instead have *blocked* any chance of meaningful recovery for possibly meritorious claims.  That outcome is not required or warranted.   Tolling the statute of limitations for a subsequent class action is consistent with the Supreme Court's decisions to toll for individual actions.   The class action claims are not time barred.   Plaintiffs face other substantial obstacles, including issue preclusion and/or the persuasive force of Judge Barker's denial of class certification.   Nevertheless, defendant's narrow motion to dismiss aimed at only the statute of limitations bar must be denied.

*Standard for Dismissal*

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations liberally and drawing all inferences in the light most favorable to the plaintiffs.  See, *e.g.*, *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513

(7th Cir. 1996); *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992).  A plaintiff must "raise a right to relief above the speculative level" by pleading "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, —, 127 S. Ct. 1955, 1965, 1974 (2007).  Dismissal is warranted if the factual allegations, seen in the light most favorable to the plaintiff, do not plausibly entitle the plaintiff to relief.  *Id.* at 1968-69.

In general, a motion to dismiss will deal with a statute of limitations defense only when the plaintiff has "pleaded himself out of court."  *E.g.*, *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).  Here, however, the court may consider public records, including court documents, in ruling on a motion to dismiss.  See *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000) ("a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment"); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (affirming district court's decision to consider state court documents in deciding motion to dismiss).  The court has done so here.

*Relevant Factual Allegations*

St. Vincent provides group medical, dental and/or vision benefit plans to its employees.  Upon termination of employment, St. Vincent is responsible for sending a timely notice of the former employee's rights to buy continued insurance

coverage under "COBRA" (the memorable nickname for the Consolidated Omnibus Budget Reconciliation Act of 1985).  Plaintiffs allege that St. Vincent failed to send out a timely notice, or any notice at all, to the two named plaintiffs and at least 100 other potential class members between January 2004 and January 2006.

Plaintiffs' amended complaint is devoid of dates.  It does not state when employment was terminated with St. Vincent for either of the two named plaintiffs or when they finally received their COBRA notices.   The amended complaint merely states that the notices came after the "18-month period in which [plaintiffs were] entitled to elect COBRA benefits."   Am. Compl. ¶¶ 20, 28.   Based on documents from the previous lawsuit submitted by both sides to support their positions on this motion, it is apparent that plaintiff Wagner-Barnett's qualifying date was November 28, 2004.  Plaintiff Gomez's qualifying date was November 30, 2004.  Dkt. 16, Ex. C; Dkt. 31, Ex. A-1.

Three different plaintiffs filed a similar suit against St. Vincent on April 14, 2006 that made the same allegations and included two state law claims not present in the current action.  That complaint was amended on May 12, 2006, reducing the named plaintiffs to two and dropping the state law claims.   On September 20, 2007, Judge Barker denied plaintiffs' motion to certify a plaintiff class and granted the defendant's motion for summary judgment on the named plaintiffs' individual claims.    Judge Barker denied plaintiffs' motion for reconsideration on November 2, 2007.  Dkt. 16, Ex. B.  Plaintiffs then filed a

notice of appeal but later withdrew the appeal.  The new named plaintiffs filed their first complaint in this action on February 6, 2008.[1]

The lack of dates in the amended complaint makes it difficult to determine which potential class members' claims would be time barred.  The attached exhibits from the previous lawsuit show that the last potential class member considered in the previous suit had a qualifying date of January 29, 2006.  Dkt. 16, Ex. C; Dkt. 31, Ex A-1.  St. Vincent asserts, and plaintiffs do not dispute here, that the statute of limitations for this case is two years plus forty-five days from a former employee's qualifying event.  Dkt. 16, pp. 3-4.  This complaint was filed on February 6, 2008, meaning the statute of limitations for this action, even without tolling, would not have run for any claim accruing on or after December 24, 2005.  The submissions show that the statute of limitations has not run for at least six members of the proposed class.  Dkt. 16, Ex. C; Dkt. 31, Ex. A-1.  Given the resolution of this matter, however, the court need not address their status or how it would relate to a decision to dismiss all class claims.

---

[1]Initially, this action was filed with four named plaintiffs, but two have withdrawn, leaving only Gomez and Wagner-Barnett.

*Discussion*

The question is whether the earlier unsuccessful class action tolled the statute of limitations for plaintiffs' claims for class relief until class certification was denied.  Neither side has cited applicable Seventh Circuit case law on this issue.  Most circuit courts that have addressed the issue have rejected tolling for class claims generally, and all circuits have limited tolling to some degree.  The reasoning of Supreme Court decisions favors allowing tolling of class claims.  This court follows the Third Circuit's approach in *Yang v. Odom*, 392 F.3d 97, 111-12 (3d Cir. 2004), and suggests an extension of it.  The court respectfully disagrees with decisions of other circuits, which have raised understandable concerns about relitigation of class certification issues.  First, whether a denial of tolling actually prevents relitigation of issues depends on accidents of timing and court calendars and can produce arbitrary results.  In other words, the tool is not well-adapted to the problem it seeks to fix.  The problem of relitigation of issues is better addressed by the usual tools for such issues:  issue preclusion and the precedential value of the initial decision.  Second, the decisions rejecting tolling for class claims have departed from the reasoning of the Supreme Court's decisions in this field, which have tried to minimize the volume of court filings by protecting the rights of members of putative but unsuccessful class actions.  The decisions rejecting tolling for class claims have also overstated the potential dangers of unending class certification litigation.

I.      *American Pipe and Crown, Cork & Seal*

In two cases, the Supreme Court has required tolling of statutes of limitations during unsuccessful class certification proceedings: *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). Each case dealt with the rights of an individual who was part of a potential class that was denied certification. In *American Pipe*, the Court allowed the person to intervene in the pending action after the statute of limitations had run. *Crown, Cork & Seal* expanded this holding to allow the person to bring a separate suit after the denial of class certification.

*American Pipe* based its decision on two principal determinations. First, the purpose of Rule 23 was to decrease litigation. A rule that foreclosed intervention after the class certification denial would lead to numerous attempts to intervene in proceedings while the first class certification process was still proceeding. "A federal class action is no longer 'an invitation to joinder' but a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *American Pipe*, 414 U.S. at 550. Second, the Court was concerned with the impact that allowing post-certification denial intervention would have on the purposes of statute of limitations. The Court focused on the issues of surprise and preservation of evidence and found that tolling "is in no way inconsistent with the functional operation of a statute of limitations." *Id.* at 554. The intervening party is bringing effectively the same claim that the parties were

already litigating, and the defendant was already aware of the operative facts and had been alerted to "the number and generic identities of the potential plaintiffs who may participate in the judgment." *Id.* at 555.

The plaintiff in *Crown, Cork & Seal* had been included within a proposed class in a race discrimination case. Class certification was denied, and the initial suit proceeded as an individual action. Rather than attempting to intervene in the original suit, plaintiff Parker filed his own suit for race discrimination. The new suit was timely only if tolling was allowed. The specific language in *American Pipe* had referred only to intervenors, but the Court declined to limit its application so narrowly. A prospective plaintiff may prefer to bring his or her own suit rather than intervene. If the statute of limitations were not tolled, it would create "a needless multiplicity of actions." *Crown, Cork & Seal*, 462 U.S. at 351. The fact that a new suit was filed did not change the underlying analysis of *American Pipe* that the notice purposes of a statute of limitations were not thwarted by allowing tolling.

The question presented here is whether *American Pipe* tolling applies to an individual's effort to pursue a new class action. The Supreme Court did not specifically address that issue in *American Pipe* or *Crown, Cork & Seal*. Several circuit courts have reacted negatively to the possibility of "relitigating" class issues and determined that tolling did not apply to class claims. See, *e.g.*, *Korwek v. Hunt*, 827 F.2d 874 (2d Cir. 1987); *Griffin v. Singletary*, 17 F.3d 356, 359 (11th

Cir. 1994).   The Ninth and Third Circuits have recognized limits to that rule, however.   In *Catholic Social Services, Inc. v. Immigration and Naturalization Service*, 232 F.3d 1139 (9th Cir. 2000) (en banc), the court was asked to toll a statute of limitations based on a previously pending class action that had been certified but was later dismissed without prejudice for lack of jurisdiction (erroneously, in the view of the en banc majority).   A new lawsuit was then filed as a class action.   All members of the Ninth Circuit agreed that the statute of limitations would have been tolled for any new individual action.   *Id.* at 1147.   The Ninth Circuit allowed tolling of the statute for the class claims because there had been no Rule 23 flaw in the original class action and because the plaintiffs were "not attempting to relitigate an earlier denial of class certification, or to correct a procedural deficiency in an earlier would-be class."   *Id.* at 1149.

The Third Circuit was first to authorize expressly tolling a statute of limitations for a second class action after a court had denied a previous class certification motion under Rule 23.   *McKowan Lowe & Co. v. Jasmine, Ltd.*, 295 F.3d 380 (3d Cir. 2002), dealt with an intervening class member in a securities fraud case.   The original class denial had been based on the named plaintiff's failure to meet the typicality and adequacy elements of Rule 23(a).   The district court followed the majority of circuits and granted summary judgment for the defendants on the plaintiffs' effort to revive the class claims with a different class representative.   The Third Circuit reversed.   It distinguished decisions from other circuits and held that the statute of limitations was tolled for class claims

of intervening plaintiffs "if a district court declines to certify a class for reasons unrelated to the appropriateness of the substantive claims for certification." *Id.* at 389.  The Third Circuit's position put it in direct conflict with only the Eleventh Circuit's opinion in *Griffin*, which had disallowed tolling for class claims in all situations.  In the end, the Third Circuit explained that "we see no good reason why class claims should not be tolled where the district court has not yet reached the issue of the validity of the class." *Id.*

Two years later, the Third Circuit extended *McKowan Lowe & Co.* beyond intervenors to all subsequent plaintiffs in *Yang v. Odom*, 392 F.3d 97 (3d Cir. 2004).  There, the district court had dismissed as time-barred class claims in a second effort to certify a plaintiff class.  The Third Circuit reversed and allowed tolling for class claims where the denial of certification in the earlier action was based solely on Rule 23 deficiencies of the putative representative, but not where the earlier denial was based on a Rule 23 defect in the class itself.  *Id.* at 112.[2]

---

[2]The Eighth Circuit endorsed the approach of *Yang* in *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 997 (8th Cir. 2007) ("Whether the *American Pipe* rule applies to subsequent class actions, however, depends on the reasons for the denial of certification of the predecessor action."). *Great Plains Trust* was decided on other grounds without discussing the *Griffin* approach.

II.    *Arguments of the Parties and Prior Proceedings*

St. Vincent argues that no circuit besides the Third has allowed tolling for a subsequent class action after a definitive denial of class certification.  Plaintiffs argue that *Yang* is the proper approach and that the previous case was dismissed because of deficiencies with the class representatives.  St. Vincent responds that even if *Yang* is applied, Judge Barker denied the previous class certification because of defects with the class itself.  St. Vincent cites the conclusion in *Yang* that tolling is appropriate "so long as the denial of certification in the earlier action was based *solely* on Rule 23 deficiencies of the putative representative."  *Yang*, 392 F.3d at 112 (emphasis added).

The court is satisfied that this case fits comfortably within the rule adopted in *Yang*.  Judge Barker did not identify any problems with numerosity under Rule 23(a)(1), and she found that the case presented common issues of law and fact under Rule 23(a)(2).  *Brown-Pfifer*, 2007 WL 2757264, at *7.  She denied class certification because the named plaintiffs before her did not have claims typical of other class members (Rule 23(a)(3)) and because counsel had not been sufficiently diligent in prosecuting the case for the putative class (Rule 23(a)(4)).  *Id.* at *8.  She did not reach issues under Rule 23(b).  Judge Barker's denial of class certification based on the atypicality of the named plaintiffs' individual claims and the adequacy of class counsel fits squarely within the *Yang* reasoning:

class certification was denied based solely on Rule 23 deficiencies of the putative class representatives.  *Yang*, 392 F.3d at 112.

To avoid this result, St. Vincent focuses on comments by Judge Barker about St. Vincent having had five different procedures and four different vendors for mailing COBRA notices.  In determining whether statutory penalties should be granted, Judge Barker was concerned about the possible need for a more individualized inquiry:  "the Court will necessarily need to examine carefully the evidence surrounding the late or nonexistent notices and the circumstances which led to those procedural missteps by St. Vincent.  The need for such individualized analysis defeats any assertions of typicality relating to these claims."  *Id*.  This language, written for a different purpose, is at most ambiguous for purposes of applying the *Yang* standard and deciding whether the problem was "solely" with the named plaintiffs or with the entire class and the different procedures for notice.[3]  Judge Barker's denial was based on the named plaintiffs' atypical claims and the inadequacy of their counsel, and was not based on a finding of any Rule 23 defect in the proposed class itself.  In fact, Judge Barker cited several cases

---

[3]Of course, Judge Barker was not writing with the *Yang* standard in mind or with any intention of informing a colleague whether she was denying class relief because of problems with the representatives or the class itself.  The issue before her was whether the proposed class with the named plaintiffs and the plaintiffs' counsel should be certified.  As then–Circuit Judge Alito wrote in a separate opinion in *Yang*, "in most circuits, the distinction . . . between deficiencies in the representative and defects in the class has no bearing on the tolling of the statute of limitations, and therefore district courts in those circuits may not always make it clear whether their rulings rest on representative- or class-based defects."  *Yang*, 392 F.3d at 114 (Alito, J., concurring with the overall rule but dissenting as to how it was applied for one of the three proposed classes).

indicating that a class might be proper, if the named representatives and their counsel could fulfill their responsibilities.  See *id.* at *6-7, citing *Pierce v. Visteon Corp.*, Cause No. 1:05-cv-1325-LJM-JMS, Order on Plaintiff's Motion for Class Certification (S.D. Ind. Sept. 14, 2006) (granting class certification in similar COBRA case).  Judge Barker concluded:  "We shall not reduce or eliminate the rights of putative, prospective class members by certifying this highly flawed and weakened litigation as a class action."  *Brown-Pfifer*, 2007 WL 2757264, at *8.

III.   *Applying American Pipe*

Tolling of the statute of limitations for the class claims in this case is consistent with *American Pipe* and *Crown, Cork & Seal*.  The central focus should be on the actual plaintiffs in the proposed class in two respects.   First, the plaintiffs' effective right of recovery may disappear if the suit does not proceed as a class action.  Second, the crucial determination is when and how a prospective plaintiff must act to vindicate his or her own rights and the resulting impacts of those decisions.  A rule that bars tolling (a) encourages the multiplicity of cases that tolling was designed to prevent, and (b) works by accident of timing, if at all, to prevent relitigation of class issues.

In this case, most plaintiffs could not reasonably gain relief absent a class action.  Plaintiffs allege that St. Vincent failed to provide a notice of COBRA benefits as required by ERISA.  Congress has decided that in some instances, a

person may collect a statutory penalty of $110 per day if she did not receive timely notice.   In the absence of actual damages resulting from delayed notice, any individual claim is likely to be modest.   The ability to pursue legitimate but modest claims that would not be worth the effort in individual cases is a principal reason for the creation of Rule 23.  See *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("the Advisory Committee had dominantly in mind vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all") (internal quotations omitted); accord, *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1299 (7th Cir. 1995) ("the rationale for the procedure is most compelling [when] individual suits are infeasible because the claim of each class member is tiny relative to the expense of litigation"); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.").

The other consideration is how a potential plaintiff should behave if she learns that the initial class action suit has been filed.  The named plaintiffs here, for instance, are free to pursue their individual claims.  But as noted above, this motion effectively will decide whether or not their individual claims may proceed. For purposes of deciding the tolling issue and applying the reasoning of *American Pipe* and *Crown, Cork & Seal*, the critical question is what these plaintiffs should have done as the statute of limitations was about to run.  In *McKowan Lowe & Co.*,

the Third Circuit explained: "The *American Pipe* rule encourages unnamed plaintiffs to rely on the class action already filed on their behalf." 295 F.3d at 384. In *American Pipe* itself, the Supreme Court wrote: "Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome of the case." 414 U.S. at 552.

If this court were to adopt the view advocated by St. Vincent here, then these other plaintiffs should have filed their own separate class actions before the class certification issue was resolved in the first case. Under the view adopted by plaintiffs here, however, they should have had the option of waiting to see if the first action would vindicate their rights. The logic of *American Pipe* and *Crown, Cork & Seal* clearly points toward allowing tolling in this situation to discourage the precautionary filing of other class action lawsuits, thereby confronting the federal court system with multiple parallel class actions. The principal purpose of the class action device is "promotion of efficiency and economy of litigation." *Crown, Cork & Seal*, 462 U.S. at 349. Where each individual plaintiff would need to file a suit to protect her ability to vindicate her rights, judicial economy would not be served:

> A putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to expiration of his own period of limitations. The result would be a needless multiplicity of

actions – precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid.

*Id.* at 350-51.

The prospect of additional lawsuits brought by class members was one of the two primary reasons for the decisions in *American Pipe* and *Crown, Cork & Seal*. The other, proper notice for defendants, is not contested in any of these suits. St. Vincent freely admits, and in fact points out itself, that this is effectively the same case in which Judge Barker denied class certification and then dismissed the named plaintiffs' claims on the merits.

Given the binding Supreme Court precedents and reasoning in *American Pipe* and *Crown, Cork & Seal*, the outcomes in *McKowan Lowe & Co.*, *Yang*, and *Catholic Social Services* appear to be required. The Supreme Court's decisions are designed to protect a potential class member when a suit has been filed on his behalf. The Court made clear that it is completely proper for such a person to sit on the sidelines  and allow a representative to press his claim. Then, if a court determines that this representative is not appropriate, potential class members are free "to file their own suits." *Crown, Cork & Seal*, 462 U.S. at 354. Nothing in the Supreme Court's reasoning is limited to individual suits as distinct from fresh attempts to certify a class. The Court's broad language seems to encourage tolling regardless of differences in procedures:  "Tolling the statute of limitations thus creates no potential for unfair surprise, *regardless of the method class*

*members choose* to enforce their rights upon denial of class certification. *Id.* at 353 (emphasis added). The Supreme Court has also acknowledged that class plaintiffs often will have the capability to pursue their claim only in a class action. As a result, it is consistent with Supreme Court precedent to hold that if a potential class member relies on a representative who turns out not to be an adequate representative, that inadequacy should not prevent the potential class member from any right of recovery.

IV.     *The Third Circuit's Approach*

In arguing about the application of the Third Circuit's approach to these facts, St. Vincent places a great deal of emphasis on the Third Circuit's use of the word "solely" in *Yang*. Although this case fits comfortably within the rule of *Yang* allowing tolling, the court respectfully suggests that the reasoning of *American Pipe* and *Crown, Cork & Seal* indicates that "solely" is too limited a formulation of the exclusion.

At first blush, this case appears to be an inexcusable attempt merely to relitigate the class issue in front of a different judge. This action was filed by the same lawyer who lost in front of Judge Barker. He dropped the appeal of Judge Barker's decision and filed this case. As St. Vincent properly notes, this judge does not review Judge Barker's decisions. Still, while lawyers play a large role in

class actions of this sort, the dispute is between the discharged employees and St. Vincent.  It is the interest of those employees that must be considered, whether a few have hired an adequate lawyer or not.  The rule that St. Vincent advocates in this case would sweep too broadly to bar perfectly legitimate attempts to pursue class actions after the first representatives fell short.  Problems with counsel for the putative class can be dealt with more precisely.

The Supreme Court's decisions in *American Pipe* and *Crown, Cork & Seal* show that potential plaintiffs are not viewed as having slept on their claims by letting the Rule 23 process run its course.  Where a defendant will not be prejudiced by surprise claims, tolling is entirely appropriate, at least where there is any significant question as to the adequacy of the proposed class representatives and/or their counsel in the first case.  In particular, it is difficult to bind unnamed potential class members when much of the decision is based on inadequate representation.  See, *e.g.*, *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763, 768 (7th Cir. 2003) ("A decision with respect to the class is conclusive only if the absent members were adequately represented by the named litigants and class counsel.").  The prospective class members who waited for the process were let down, not because they are not members of a proper Rule 23 class, but because of the attorney chosen by the original class representatives and problems with those class representatives' own claims.  A denial based on the inadequacy of class counsel or class representative or atypical claims of the class representative should be sufficient for tolling under *Yang*.

But *Yang* limited its rule to situations where class certification was denied "solely" for non-class reasons.  The *Yang* opinion is thoughtful and persuasive as far as it goes, and its criticism of the *Korwek* approach is sound.  This court respectfully suggests, however, that the Third Circuit's "solely" standard is a little too narrow, for two reasons.

First, if the first denial of class certification is based on a combination of reasons that include the inadequacy of the class representative and/or class counsel, it is hard to see why absent class members should be bound by the results of the inadequate champions' efforts on the merits of the class determination.  Yet that would be the result, even under the Third Circuit's approach in *Yang*, if the claims were viable only in a class action.

Second, the Third Circuit's approach does not address the problem posed by the timing of the second prospective plaintiff's decision.  The Third Circuit's rule depends on the reasons given for denying class certification.  Under that approach, tolling is not available if the district court denies class certification based on a mixture of reasons, including both the adequacy of class representatives and counsel and the merits of the proposed class action.  The problem is that other potential plaintiffs who are waiting to see if a first class action will protect their rights may need to make a decision *before* the first court makes its decision, before they can know what those reasons might be, and thus before they can know how the Third Circuit's test would apply to the case.  The

cautious approach would therefore be to go ahead and file the additional class action(s) before a denial.  A rule that creates that incentive seems to run contrary to the aim of *American Pipe* to avoid needless filings of repetitive claims.  It also presents a risk of effectively binding absent class members by decisions in which they were not adequately represented.

Based on the reasoning of *American Pipe* and *Crown, Cork & Seal*, the court suggests that the better approach is to allow tolling of the statute of limitations during an initial class certification determination even for class claims.  To deny an opportunity to vindicate a right because of a failure in the complex Rule 23 process is not consistent with *American Pipe* and *Crown, Cork & Seal*.

Such a rule should not lead to nightmare scenarios of endless litigation. Potential plaintiffs can be denied in many instances the right to relitigate the class certification issue due to issue preclusion and the persuasive and/or precedential force of the initial decision.  See, *e.g.*, *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763 (7th Cir. 2003).  In *Bridgestone/Firestone*, the Seventh Circuit required the district judge to order an injunction against any future attempt to certify a nationwide class.  The Seventh Circuit had previously decided that a nationwide class was not appropriate.  See *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018-19 (7th Cir. 2002).  The second *Bridgestone/Firestone* case found that the issue of a nationwide class had already been litigated.  "Having sought and obtained a decision on the master complaint, class counsel are in no position to

treat the resolution as irrelevant and start anew." *Bridgestone/Firestone*, 333 F.3d at 767.  This preclusion referred to both named and unnamed plaintiffs:

> Every person included in the district court's class definition still has the right to proceed on his own.  What such a person now lacks is the right to represent a national class of others similarly situated; that's the upshot of a fully contested litigation in which every potential class member was adequately represented on this issue.

*Id.* at 769.

The last phrase – "in which every potential class member was adequately represented on this issue" – puts the current plaintiffs' case outside the realm of issue preclusion.  As the Seventh Circuit noted:  "A decision with respect to the class is conclusive only if the absent members were adequately represented by the named litigants and class counsel."  *Id.* at 768.  Similarly, absent class members should not be bound by such a decision if they were not adequately represented, but a denial of tolling would have exactly that effect.  The problem understandably feared by courts opposed to tolling for class claims is constant relitigation of the class certification issue.  *E.g.*, *Korwek v. Hunt*, 827 F.2d 874, 879 (2d Cir. 1987).  Once the issue is fully and fairly litigated, plaintiffs should be estopped from trying to certify the same class.  Where problems exist with the potential class representatives or class counsel in the previous litigation, however, unnamed class members should not be bound.

This more discriminating approach is better than arriving at a similar result by excluding class claims from the *American Pipe* tolling doctrine.  The statute of limitations is not a tool designed to protect a defendant from facing duplicative actions.  A four or five year statute of limitations in this case would make *American Pipe* tolling irrelevant, but the burden on the federal courts and defendant would be identical.  For other claims with different statutes of limitations, the effect would depend on how quickly the first action was filed and how quickly the first court decided to deny certification.  To limit second class claims  based on tolling rather than issue preclusion or precedential grounds would give defendants an incentive to delay a class certification procedure that is supposed to be completed "at an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).  Such a rule would also encourage additional lawsuits as potential plaintiffs tried to preserve their rights before the statute of limitations runs.  In any event, under either the Third Circuit's approach in *Yang* or the broader approach suggested above, St. Vincent's motion to dismiss must be denied.

V.    *Other Circuits*

This ruling is different from the approaches of several other circuits.  These decisions are not binding on this court, but the Seventh Circuit has instructed district courts to "give most respectful consideration" to the opinions of other circuit courts.  *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987); accord, *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) (instructing

district court that it "owes no more than respectful consideration to the views of other circuits.").

Circuits that have addressed the issue point out that *American Pipe* and *Crown, Cork & Seal* did not call specifically for the tolling of class claims.  Other circuits do rely, however, on the concurrences to these unanimous opinions.  In *American Pipe*, Justice Blackmun wrote separately to raise his concern that the newly articulated rule could undermine the purposes of a statute of limitations through creative lawyering.  To curb such potential abuse, he noted that a judge was allowed to deny permissive intervenors if the judge "concludes that the intervention will 'unduly delay or prejudice the adjudication of the rights of the original parties.'"  *American Pipe*, 414 U.S. at 562 (quoting Fed. R. Civ. P. 24(b)).  Plaintiffs' lawyers could not attempt to bring in new claims by framing all pleadings as class actions and waiting for facts to develop.  Justice Blackmun felt the power to deny intervention "might preserve a defendant whole against prejudice arising from claims for which he has received no prior notice."  *Id.*  Justice Blackmun's concurrence expressed no concern about endless litigation.  His focus was to ensure that defendants were made aware of all possible claims and claimants in the time period required by the applicable statute of limitations.

Justice Blackmun himself wrote *Crown, Cork & Seal*, and his opinion drew a concurring opinion by Justice Powell, who was joined by Justices Rehnquist and O'Connor.  Justice Powell thought it was important to "reiterate" the views in

Justice Blackmun's concurrence in *American Pipe*.  He wrote:  "The tolling rule of *American Pipe* is a generous one, inviting abuse."  *Crown, Cork & Seal*, 462 U.S. at 354.  The abuse he was concerned with was a plaintiff bringing new and different claims after the statute of limitations had passed.  "The rule should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status."  *Id*.  The entire concurrence is dedicated to this proposition.  The stated fear was that plaintiffs who received the "generous" tolling of *American Pipe* not bring claims outside the scope of the original litigation.

After *American Pipe* and *Crown, Cork & Seal*, the issue of how to treat repeated attempts at class certification started to appear again before the circuits, first in the Fifth Circuit in *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334 (5th Cir. 1985).  A group of hundreds of migrant workers sued their employers for violations of both their contracts and federal statutes.  Two previous attempts to certify a class had been denied.  Plaintiffs eventually won a suit that was not certified as a class action.  By the time the *Salazar-Calderon* suit was filed, many of the plaintiffs' claims were barred by the statute of limitations unless tolling was available.  The district court had allowed tolling for the first unsuccessful effort to certify a class, but not the second.  On appeal, the plaintiffs argued that the statute should be tolled for both class certification determinations.  The Fifth Circuit rejected this attempt to "piggyback one class action onto another" and asserted that such piggybacking would invite the abuse Justice Powell had referenced.  *Id*. at 1351.  The Fifth Circuit did not distinguish between

tolling for purposes of class claims and for individual claims, and it never suggested that the district court should have denied later class certification because tolling was not available.   (It affirmed denial on other grounds, but actually left open the possibility of certifying a class on remand.  *Id.* at 1350.) Instead, the Fifth Circuit seems to have been troubled by the attempt to apply tolling not only to the first attempt but also to the second attempt at class certification.  *Salazar-Calderon* dealt with whether the statute of limitations could be tolled for individual plaintiffs through two unsuccessful attempts at certification, not whether plaintiffs could use one previous class certification determination to toll the statute for their class claims.

The Second Circuit faced the tolling question for class claims and found in *Korwek* that the statute of limitations is not tolled for a subsequent class action. The only circuit court opinion cited in *Korwek* on the point is *Salazar-Calderon*, which it misstated as holding that the "*American Pipe* tolling rule does not apply to permit putative class members to file a subsequent class action."  827 F.2d at 878.   The Second Circuit also relied on several district court opinions.

The Second Circuit in *Korwek* provided the most detailed analysis of any circuit court denying tolling for class actions.  Its survey of other case law found the "oft-repeated refrain which echoes through these cases compelling:  the tolling rule established by *American Pipe*, and expanded upon by *Crown, Cork*, was not intended to be applied to suspend the running of statutes of limitations for class

action suits filed after a definitive determination of class certification." *Id.* at 879. The application of this "compelling" theme to the facts in *Korwek* led to a decision not to toll for class claims.  In *Korwek*, the plaintiffs filed effectively the same complaint after their initial certification effort led to a narrower than hoped for class certification.  The Second Circuit decided that the Supreme Court "certainly did not intend to afford plaintiffs the opportunity to argue and reargue the question of class certification by filing new but repetitive complaints." *Id.*

*Korwek* became the leading case on the issue, and several other circuits have followed *Korwek* with little additional comment.  See, *e.g.*, *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987) (citing *Korwek*, *Salazar-Calderon*, and district court cases cited in *Korwek*); *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988) ("The courts of appeals that have dealt with the issue appear to be in unanimous agreement that the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class."); *Griffin v. Singletary*, 17 F.3d 356, 359 (11th Cir. 1994) (citing above cases and noting that after fifteen years of litigation, "we decline to adopt any rule that has the potential for prolonging litigation about class representation even further"); *Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998) ("Plaintiffs may not stack one class action on top of another and continue to toll the statute of limitations indefinitely.  Permitting such tactics would allow lawyers to file successive putative class actions with the hope of

attracting more potential plaintiffs and perpetually tolling the statute of limitations . . . .").

In *Yang*, the Third Circuit persuasively criticized these courts' approach as posing a risk that legitimate claims would be denied arbitrarily because of circumstances beyond the plaintiffs' control:

> Drawing the line arbitrarily to allow tolling to apply to individual claims but not to class claims would deny many class plaintiffs with small, potentially meritorious claims the opportunity for redress simply because they were unlucky enough to rely upon an inappropriate lead plaintiff.  For many, this would be the end result, while others would file duplicative protective actions in order to preserve their rights lest the class representative be found deficient under Rule 23.  Either of these outcomes runs counter to the policy behind Rule 23 and, indeed, to the reasoning employed by the Supreme Court in *American Pipe* and *Crown, Cork & Seal*.
>
> Nor would the objectives of limitations periods be better served were we to hold otherwise.  The defendants were on notice of the nature of the claims and the generic identities of the plaintiffs within the required period, eliminating the potential for unfair surprise and prompting them to preserve evidence which might otherwise have been lost.

392 F.3d at 111.  This court agrees.

The Third Circuit went on to address the fear of endless litigation and pointed out that the problem could be solved with other methods less likely to risk arbitrary results:

> Allowing tolling to apply to subsequent class actions where the original class was denied because of the lead plaintiffs' deficiencies as class representatives will not lead to the piggybacking or stacking of class action suits "indefinitely" as Defendants argue and as the Eleventh Circuit feared

in *Griffin*.  Rather, applying tolling under these circumstances will allow subsequent classes to pursue class claims until a court has definitively determined that the claims are not suitable for class treatment.  Where repeated tolling is implicated and the class appears unable to put forward an appropriate lead plaintiff, courts may reasonably conclude that the class itself fails Rule 23 analysis.  Rather than arbitrarily eliminate the possibly meritorious claims of countless class members, we prefer to see careful case management employed to avoid the prospect of "indefinite" tolling.

392 F.3d at 112.

The key to allowing tolling of class claims, and an interest ignored in *Korwek* and those cases that follow it, is that sometimes a person's individual claims can be vindicated only through a class action.  As a result, these cases fail to consider the additional burden that a denial of class certification could have on a particular plaintiff.  This court is "concerned with judicial economy but . . . believe[s] it need not be achieved at the expense of litigants for whom the *American Pipe* tolling rule was designed."  *McKowan Lowe & Co.*, 295 F.3d at 389.  Further, proper weight has not been given to the functioning of class action litigation.  The named plaintiffs in this case cannot be considered delinquent in failing to file their own earlier suit.  "Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims."  *Crown, Cork & Seal*, 462 U.S. at 352-53.  For these reasons, class claims should be treated as the individual claims were treated in *American Pipe* and *Crown, Cork & Seal*.

*McKowan Lowe & Co.*, *Yang*, and *Catholic Social Services* address the issue of constant relitigation of class certification, the primary critique against tolling

for class issues.  The dissenting opinion in *Catholic Social Services* expanded the critique to say that the issue was really the possibility of extending litigation interminably, contrary to the repose intended by a statute of limitations.  The fear raised by the Ninth Circuit dissent is constant "piggybacking" where the issues can be relitigated forever and never provide repose to a defendant.  *Catholic Social Services*, 232 F.3d at 1153 (Kozinski, J., dissenting).

This court doubts that the doomsday scenario envisioned in many of these opinions is likely to occur.  Doctrines of issue preclusion and *stare decisis* are available to respond to second or later attempts to certify classes.  If this court rejects class certification in this case, is it really likely that plaintiffs' attorney after losing certification twice would expend the resources to try to litigate it a third time before a third judge?  Moreover, the issue of whether *American Pipe* tolling is permissible after *multiple* denials of class certification is distinctly different from the issue of whether or not class claims are tolled during the initial class certification attempt.  See, *e.g.*, *Salazar-Calderon*, 765 F.2d at 1351.  An initial denial of class certification should put a potential plaintiff on notice to vindicate his or her own claim.  Such a holding is consistent with the way *American Pipe* tolling works for individual claims when the class certification decision is appealed.  The tolling stops when class certification is denied.  From that point, "the named plaintiffs no longer have a duty to advance the interests of the excluded putative class members." *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1381 (11th Cir. 1998) (holding that a denial of class certification stops

*American Pipe* tolling); accord, *Culver v. City of Milwaukee*, 277 F.3d 908, 914 (7th Cir. 2002) (acknowledging that the statute of limitations resumes running "when class certification is denied").  The lesson of *American Pipe* and *Crown, Cork & Seal* is that tolling is appropriate for a second class action attempt, and the merits of that attempt can be addressed through application of principles of *stare decisis* and issue preclusion.

*Conclusion*

*American Pipe* and *Crown, Cork & Seal* require that the statute of limitations for class claims be tolled during the pendency of a previous class certification petition, at least where there is any issue as to the adequacy of the first representatives.  The perceived problems of relitigating the class certification issue or not providing repose to the defendant can be curbed through other, better targeted doctrines that would not block legitimate class actions pursued by more appropriate class representatives.  Accordingly, St. Vincent's motion for partial dismissal (Dkt. No. 15) is denied.

So ordered.

Date: December 16, 2008

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Robin M. Lybolt
HALL RENDER KILLIAN HEATH & LYMAN
rlybolt@hallrender.com

John Patrick Ryan
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@hallrender.com