UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BLANCA GOMEZ and JOAN WAGNER-BARNETT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 1:08-cv-0153-DFH-DML |
| v. | ) ) | |
| ST. VINCENT HEALTH, INC., | ) ) | |
| Defendant. | ) | |

ENTRY ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Blanca Gomez and Joan Wagner-Barnett brought an action against their former employer, St. Vincent Health, Inc., alleging that St. Vincent violated plaintiffs' COBRA rights pursuant to 29 U.S.C. §§ 1163 and 1166 by failing to provide timely notice of those rights. They now seek to certify a class of:

All qualified beneficiaries of group medical, dental, and/or vision benefit plans administered by St. Vincent Health, Inc. who were entitled to receive notice of their COBRA rights on or after July 4, 2004 to March 31, 2006 due to a qualifying event to a covered employee pursuant to 29 U.S.C. §1163(a)(1), (2) and (4) and who did not receive said notice in a timely fashion pursuant to 29 U.S.C. §1166.

The same proposed class counsel litigated a nearly identical action before Judge Barker, who denied class certification in 2007. This court also declines to certify

a class.  Counsel's actions during his attempts to represent the proposed class through two separate suits do not make him an adequate class counsel.

*Discussion*

Class certification depends not on the merits of the lawsuit but on whether the requirements of Federal Rule of Civil Procedure 23 are met.  See *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974).  To secure certification of a plaintiff class under Rule 23, plaintiffs must show the court that all four requirements of Rule 23(a) and at least one of the sub-parts of Rule 23(b) have been satisfied.  *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008).  The familiar requirements of Rule 23(a) are numerosity, commonality, typicality, and adequacy of representation.  Failure to meet any of these requirements will bar class certification.  See *id.* Given the entire history of the attempts to certify this class, the court believes certification is not appropriate because class counsel is not adequate.

Defendant St. Vincent owns and operates a number of hospitals throughout Indiana.  This case alleges failures of St. Vincent to deliver COBRA notification letters to qualified individuals.  On January 1, 2004, St. Vincent became the plan administrator for all benefits at a number of its facilities, for vision and dental at other facilities, and for health benefits at a third group of facilities.  Between May 21, 2004 and January 29, 2006, 1,570 employees had a "qualifying event"

as that term is defined in the COBRA statute.  Plaintiffs allege that more than 250 of these people did not receive their COBRA notices within the statutorily required forty-four days.  Weldy Aff. ¶ 4 & Ex. 1.

This is not the first time these events have been brought before a court in the Southern District of Indiana.  An almost identical action was brought by two different named plaintiffs represented by the same counsel in *Brown-Pfifer v. St. Vincent Health, Inc.*, 2007 WL 2757264 (S.D. Ind. Sept. 20, 2007).  Those plaintiffs sought to certify the same proposed class.  Confronted with the identical factual situation, Judge Barker denied class certification.  The plaintiffs in that case initiated an appeal with the Seventh Circuit.  They abandoned that appeal and then the same attorney filed this new case filed with new plaintiffs.

St. Vincent filed a motion to dismiss arguing that the statute of limitations was not tolled for plaintiffs' class claims while the *Brown-Pfifer* case was pending.  On December 16, 2008, this court denied the motion and held that class claims are also tolled during the pendency of a previous class action until the class certification is denied.  *Gomez v. St. Vincent Health, Inc.*, 2008 WL 5247281 (S.D. Ind. Dec. 16, 2008).  In attempting to bar all potential future class actions, defendant's requested grounds for dismissal were not consistent with Supreme Court precedent or the underlying purposes of class action litigation.  "The rule that St. Vincent advocates in this case would sweep too broadly to bar perfectly legitimate attempts to pursue class actions after the first representatives fell short.

Problems with counsel for the putative class can be dealt with more precisely."
*Id*. at *8.

That narrower question is directly before the court on the current motion.
The facts of this case, including the litigation in front of Judge Barker, call for
denial of class certification.  The primary problem with St. Vincent's initial motion
to dismiss was that it could deny potential plaintiffs of any real opportunity to
obtain judicial relief through no fault of their own:  "The key to allowing tolling of
class claims . . . is that sometimes a person's individual claims can be vindicated
only through a class action."  2008 WL 5247281 at *13.  The decision was not an
invitation to a potential class's counsel to take a second bite at the apple.  This
case appears to be no more than an attempt to relitigate the same questions that
Judge Barker decided in *Brown-Pfifer*.    Plaintiffs in *Brown-Pfifer* had the
opportunity to appeal their case to the Seventh Circuit to review Judge Barker's
decision.   They declined that opportunity.   One of the *Brown-Pfifer* plaintiffs'
attorneys instead filed a "new" complaint in this court.[1]  At this stage of the case,
plaintiffs make no arguments that are different from those that were before Judge
Barker.  Their theory is simply that that Judge Barker erred in her decision when
confronted with nearly identical plaintiffs using nearly identical arguments to
make identical allegations.

_____

[1]The complaint in this case and *Brown-Pfifer* are nearly identical.  *Brown-
Pfifer* also had an allegation of failure to pay wages, but the COBRA claim is
identical in all material respects.

The class action device and this court's interpretation of the rule for tolling of claims originally set out in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), do not require certification in this case.  The tolling rule is not designed to create the opportunity for an attorney to give his argument a trial run in front of one judge, have that judge evaluate the arguments and explain their deficiencies, and then run to another judge with slightly more refined arguments. This strategy flouts a primary purpose of the class action device – judicial economy – and instead burdens a busy district court with duplicative litigation. The briefing in this case highlights the problems with this approach.  Since this case is nearly identical to *Brown-Pfifer*, the debate is framed around Judge Barker's decision in that case.  The plaintiffs are effectively asking her colleague to provide what amounts to appellate review of that decision.  They provide no new facts or arguments for their motion for class certification.  They have merely decided to emphasize the aspects of their case that they believe undermine Judge Barker's decision.  Judge Barker's decision is not distinguishable because the facts are the same.  Plaintiffs' counsel is forced to argue only that the previous decision is "contrary to law" and "legally unsupportable."  Pl. Reply Br. 6, 8.  If plaintiffs' counsel wanted a review of Judge Barker's decision, his proper recourse was to the Seventh Circuit.  He abandoned that pursuit and in the process terminated the claims of the two named plaintiffs who also lost on summary judgment in the prior preceding.  Judge Barker's decision was not a first draft for another district judge to expound upon after plaintiffs' counsel had an opportunity to see the flaws in his initial argument.

One of the requirements of class certification is adequacy of representation. This includes both the proposed class representatives and the proposed class counsel. "Because, practically speaking, it is class counsel who prosecutes the case, it is entirely appropriate, if not mandatory, for a court to assess the adequacy of counsel's representation and in doing so is entitled to draw on observations of counsel's performance in the very litigation at issue." *Davidson v. Citizens Gas & Coke Utility*, 238 F.R.D. 225, 231 (S.D. Ind. 2006). On this record, the court cannot find plaintiffs' counsel adequate to act as class counsel in this case.

The court is aware that plaintiffs' counsel has been certified as class counsel by Judge McKinney in a separate COBRA notification case. Dkt. No. 23, Ex. E; *Pierce v. Visteon Corp.*, 1:05-cv-1325-LJM-VSS (S.D. Ind. Sept. 14, 2006). This court expresses no opinion on proposed class counsel's fitness to serve as class counsel in any other case. For this case, however, the court is not willing to certify him to represent the class.

Counsel's actions in this case are particularly troubling because Judge Barker's previous decision was based, in part, on what she perceived as deficiencies of the proposed class counsel. His failures documented by Judge Barker in her decision were a crucial reason that the proposed class was not certified:

> Plaintiffs' counsel has not demonstrated the requisite diligence in prosecuting this matter that either the Court or any prospective plaintiff fairly should expect.  Magistrate Judge Stinson has described in detail the faulty discovery efforts of Plaintiffs' counsel, charitably characterizing them at one point, for example, as "piecemeal."  In addition, the Court has previously authorized in this case an award of costs against one Plaintiff and her counsel, jointly, based on Defendant's successful motion to compel discovery.

*Brown-Pfifer*, 2007 WL 2757264 at *8.  Judge Barker further faulted plaintiffs' counsel for failing to develop a full record and found that the lack of a record compelled summary judgment against the individual plaintiffs.  Plaintiffs' counsel has been more diligent in this case, but it should be noted that he was ordered by the magistrate judge to pay expenses for St. Vincent's motion to compel discovery.[2]

His questionable work in that case and his decision to relitigate the same issues in this court show a lack of regard for scarce judicial resources.  Plaintiffs' counsel did not approach this case with a new theory for why class certification was appropriate, nor did he seek out new facts.  Judge Barker forcefully rejected counsel's arguments.  She further found plaintiffs' counsel inadequate and also

---

[2]Plaintiffs' motion to review that decision (Dkt. 71) is denied, as the decision was not clearly erroneous.  See Fed. R. Civ. P. 72(a).  Counsel's attempt to blame failures to provide discovery items on his clients is not a satisfactory response to those failures.  He does not deny that the information was provided in an untimely fashion, requiring St. Vincent to file its motion to compel.  The discovery responses for even the compliant plaintiffs were both served more than a month after the deadline.  The magistrate judge acted reasonably in holding the attorney responsible for the compliance of his clients, particularly where plaintiffs' counsel made no effort to notify opposing counsel or the court of the alleged uncooperativeness of his clients.  It also was not clearly erroneous to order the fees paid immediately.

found the plaintiffs that counsel brought forth as representatives were inadequate. Plaintiffs' counsel has now before this court merely reargued the same position that Judge Barker had rejected both on the initial motion for class certification and on a motion for reconsideration.  The named plaintiffs in this case are indistinguishable from those Judge Barker found inadequate in *Brown-Pfifer*.

This attempt to have this court effectively overrule a colleague on the district court on an indistinguishable record is not the best means of representing the proposed class members.  See, *e.g.*, *Hatch v. Reliance Insurance Co.*, 758 F.2d 409, 416 (9th Cir. 1985) (affirming district court's denial of class certification due to the inadequacy of class counsel in part because "appellants' counsel has attempted to relitigate an issue litigated and finally decided" in a previous interpleader action).

The focus of this court's inquiry must be on the way that its decision affects the putative class members.  Judge Barker's decision to deny class certification in *Brown-Pfifer* was based on a desire not to "reduce or eliminate the rights of putative, prospective class members by certifying this highly flawed and weakened litigation as a class action."  2007 WL 2757264 at *8.  This court is also unwilling to place the fate of this particular proposed class in the hands of proposed class counsel.

For these reasons, this court finds that plaintiffs' proposed class counsel is an adequate representative of the proposed class. Without an appropriate class counsel, certification for the proposed class must be denied. *Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002) (where proposed class counsel "is not an adequate representative of the interests of the class as a whole, realism requires that certification be denied"). The protection of the rights of putative class members that animated this court's decision on the motion to dismiss are not implicated by denying class certification. The two named plaintiffs were able to receive representation based on their current counsel's belief that a class action was feasible, and those two people can attempt to vindicate their individual claims.

*Conclusion*

For the foregoing reasons, Plaintiffs' motion for class certification (Dkt. 23) is denied.

So ordered.

Date:  June 25, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

John Patrick Ryan
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Craig Warner Wiley
HALL RENDER KILLIAN HEATH & LYMAN
cwiley@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com