UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BLANCA GOMEZ and JOAN WAGNER-BARNETT, )
      Plaintiffs, )
  vs. ) 1:08-cv-153-SEB-DML
ST. VINCENT HEALTH, INC., )
      Defendant. )

**ORDER ADDRESSING DEFENDANT'S MOTION FOR ATTORNEY FEES AND PLAINTIFFS' OBJECTION TO AWARD OF COSTS**

This lawsuit was brought pursuant to Section 502 of ERISA by two former employees of Defendant, St. Vincent Health, Inc. ("St. Vincent"), who did not receive timely notice of their COBRA rights upon leaving their employment with the hospital. On May 6, 2010, this court granted summary judgment against Plaintiff Blanca Gomez and in favor of Defendant St. Vincent, and also entered a partial summary judgment in favor of Plaintiff Joan Wagner-Barnett against St. Vincent. A final judgment awarded Ms. Wagner-Barnett a total recovery of $396.00, representing her out-of-pocket medical expenses during a one-month period when she could have purchased COBRA coverage if she had received timely notice. It was undisputed that both Plaintiffs failed to receive timely COBRA notice but, because there was no evidence of bad faith or gross

-1-

negligence on the part of the Defendant and because Ms. Gomez was entitled to no damages and Ms. Wagner-Barnett's damages were minimal, the Court declined to award the discretionary administrative penalty authorized by 29 U.S.C. § 1132(c)(1).

Defendant has filed a motion seeking attorney fees, arguing that this was clearly a case filed for the purpose of obtaining the administrative penalty, despite there being no evidence that such a penalty was deserving and despite an earlier ruling dismissing a similar case in this district where, like Ms. Gomez, the Plaintiffs incurred no actual damages as a result of their late notification of COBRA rights. Plaintiffs oppose the award of any attorney fees to Defendant and also object to the award of costs which was entered in favor of Defendants following the entry of final judgment.

Title 29 U.S.C. § 1132(g)(1) vests discretion in the Court to decide whether to award a reasonable attorneys fee along with costs to the prevailing party. Being duly advised, we conclude that at least two reasons counsel against an award of attorneys fees to the Defendant here. First, though the amount of damages it was required to pay was de minimus, Defendant did in fact lose on its defense of Ms. Wagner-Barnett's claims. Regardless of whether the intent in filing this lawsuit was to obtain an award of the discretionary administrative fee, and despite the fact that St. Vincent's breach of the statute was unintentional, the bottom line here is that, based on the evidence, Defendant clearly failed to provide both Plaintiffs with timely COBRA notices. Thus, Defendant was found liable to one plaintiff and might also have had to pay the administrative

penalty to the other but for Defendant's decision to correct its admittedly inadvertent errors.

The second reason we decline to award attorney fees to Defendant is that, based on our reading of the fee-shifting provisions of 29 U.S.C. § 1132(g)(1), while an award of fees is authorized in favor of one party as against another party, such an award is not authorized against another party's attorney. The gist of St. Vincent's contention here is that the attorney for Ms. Gomez and Ms. Wagner- Barnett knew (or should have known) based on prior litigation in which he represented other St. Vincent employees that these claims alleging a failure to receive timely COBRA notice during the same exact time period involving the same exact hospital would not generate an entitlement to any actual damages and further that the Court therefore would not award the discretionary administrative penalties. Despite this alleged disregard of clear precedent by Plaintiffs' attorney, there is no indication that Ms. Gomez or Ms. Wagner-Barnett personally possessed such knowledge, and it is they whom St. Vincent is asking to pick up the tab for its having to defend their allegedly unfounded claims. If it is Plaintiffs' attorney's conduct that St. Vincent is attempting to curb or punish, as seems plainly to be the case, a petition for an award of attorney fees against the opposing party is not the appropriate legal avenue to reach that goal.[1] Moreover, counsel for St. Vincent would be well-

---

[1] Rule 11(b)(2), F.R.Civ.P., provides, for example, that an attorney who files a pleading with the Court certifies, *inter alia*, that "the claims ... are warranted by existing law or by a non-frivolous argument for [changing] existing law ...", and sanctions can be imposed against an

advised to remember that, if Plaintiffs' assertion is correct, there are approximately 266 additional beneficiaries of St. Vincent's ERISA covered benefits plan who also failed to receive timely COBRA notice during the time period when the responsibility for providing such notice to employees was in flux internally at St. Vincent. If such putative or possible plaintiffs suffered actual damages, their entitlements to relief are now pretty much a foregone conclusion. Accordingly, we will not require Plaintiffs to pay St. Vincent's attorneys fees.

We turn next to Plaintiffs' objection to the $1,075.23 in costs which were sought by Defendant and taxed against the Plaintiffs by the Clerk of Court. Plaintiffs argue that, with respect to Ms. Wagner-Barnett, St. Vincent was not a prevailing party and, as noted above, they are correct in that assertion. Ms. Wagner-Barnett received a judgment in her favor against St. Vincent in the amount of $396.00. Though St. Vincent did prevail with respect to Ms. Gomez's claim, she argues that she should not be made to pay costs given that she was previously declared indigent and because, despite judgment having been entered in favor of St. Vincent, the Court nonetheless concluded that she also had not received timely notice, albeit only a technical violation of ERISA.

We accept Plaintiffs' arguments here and conclude that the costs associated with this litigation should not be assessed against them, either individually or jointly.

---

attorney who is shown to have violated this tenet.

Accordingly, we vacate our prior order approving the bill of costs assessed by the Clerk (Doc. #116). Because Ms. Wagner-Barnett was a prevailing party, no costs should have been assessed against her. As for Ms. Gomez, though she did not prevail on her claims and though, typically, a presumption in favor of awarding costs to the prevailing party exists as a matter of course, ( Fed.R.Civ. P. 54(d);*see Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)), one of the few instances in which a district court's discretionary denial of an award of costs is justified is where the losing party is indigent. *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Weeks*, 125 F.3d at 945. Under the circumstances of this case, where one of the plaintiffs proved only a technical statutory violation which did not give rise to a recovery of actual damages and where the plaintiff was shown to be indigent, we find that an award of costs in Defendant's favor would be unjust.[2]

---

[2]St. Vincent made no effort to separate those costs which might be assessed against one as opposed to the other of the two Plaintiffs. Consequently, had Ms. Gomez not previously been deemed indigent by the Court for purposes of her avoiding certain filing fees, we would have, at a minimum, required Defendant to show which costs were associated with Ms. Gomez's claim as opposed to those incurred in defending the claim that it lost.

*Conclusion*

For the reasons explicated in this entry, Defendant's Motion For Attorney Fees (Doc. #114) is DENIED. Plaintiffs' Objection to Bill of Costs (Doc. #117) is SUSTAINED, and the award of costs by the Clerk of the Court (Doc. #116) is hereby VACATED.

IT IS SO ORDERED.

Date: 12/02/2010

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John Patrick Ryan Jr.
HALL RENDER KILLIAN HEATH & LYMAN
jpryan@hallrender.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Craig Warner Wiley
HALL RENDER KILLIAN HEATH & LYMAN
cwiley@hallrender.com

Craig M. Williams
HALL RENDER KILLIAN HEATH & LYMAN
cwilliams@HallRender.com